UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALVIN GRIFFIN,

    Plaintiff,

v.                                                    CASE NO:

CRYSTAL LAKE SUPPORTIVE
ENVIRONMENTS, INC. D/B/A
ATTAIN, INC., a Florida Not For
Profit Corporation

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ALVIN GRIFFIN, by and through his undersigned counsel, hereby files this Complaint against Defendant CRYSTAL LAKE SUPPORTIVE ENVIRONMENTS, INC. D/B/A ATTAIN, INC., a Florida for Profit Corporation ("ATTAIN"), for unpaid compensation, overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and in support thereof states as follows:

## NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions that are

detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981). The liquidated damage provision of the FLSA "constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

1. This action is brought under the FLSA to recover unpaid labor wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs from Defendant.

## PARTIES

2. Plaintiff was hired as a Direct Support Professional for Defendant in Orlando, Florida.

3. Plaintiff was promoted to Lead Direct Support Professional in July 2021.

4. Defendant is a company that provides community-based programs for individuals with developmental disabilities.

5. Defendant's principal place of business located in Orange County, Florida.

6. Defendant is a Florida profit corporation and operating its business within the city of the Orlando, Florida.

7. Defendant is subject to the personal jurisdiction of this court.

## JURISDICION AND VENUE

8. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337, and the FLSA.

9. Venue is proper in the Middle District of Florida, Orlando Division, Pursuant to 28 U.S.C. § 1391(B)(1) & (C).

## FLSA ENTERPRISE COVERAGE

10. At all material times relevant to this action (2019-2022), Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203 (s).

11. At all material times relevant to this action (2019-2022), Defendant made gross earnings of at least $500,000.00 annually.

12. At all material times relevant to this action (2019-2022), Defendant accepted payments from customers based on credit cards issued by out of state banks.

13. At all material times relevant to this action (2019-2022), Defendant routinely ordered materials and supplies from out of state (i.e. telephones, office supplies, and medical equipment).

14. At all material times relevant to this action (2019-2022), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling, or otherwise working on materials that have been moved in or produced for interstate commerce (i.e. office supplies, ophthalmological supplies, and other medical equipment).

15. At all material times relevant to this action (2019-2022), Defendant used U.S. mail to send and receive letters and packages to and from other states.

16. At all times relevant to this action (2019-2022), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

17. Plaintiff worked in the state of Florida without being paid at least the time and a half minimum hourly wage for all hours worked over forty (40) per week.

18. Defendant controlled and/or was responsible for the work of Plaintiff.

19. Defendant improperly paid Plaintiff for hours worked over forty (40)

per week.

## FACTUAL ALLEGATIONS

20. Plaintiff worked for Defendant from approximately April 2021 to August 2021.

21. Plaintiff was hired as a Direct Support Professional.

22. Plaintiff was a full-time employee.

23. Plaintiff was paid an hourly wage of $11.00 until July 2021.

24. Plaintiff was eligible to be paid overtime pay for any hours over 40 hours in a workweek, at time and one half his regular hourly rate or $16.50 per hour until July 2021.

25. Plaintiff was promoted to Lead Direct Support Professional in July 2021.

26. Plaintiff received a raise in wages after his promotion to Lead Direct Support Professional.

27. Plaintiff's new salary as Lead Direct Support Professional was $12.05.

28. Plaintiff was not adequately compensated for the hours worked as Lead Direct Support Professional.

29. Plaintiff was eligible to be paid overtime pay at a rate of $18.05 after receiving his promotion in July 2021.

30. Defendant failed to pay Plaintiff at the rate designated for a Lead

Direct Support Professional after his July 2021 promotion.

31. Plaintiff typically worked more than 40 hours in a work week.

32. Defendant failed to pay Plaintiff for any overtime hours worked.

33. Defendant knew it was not paying Plaintiff correctly and intentionally did so.

34. Plaintiff is owed unpaid wages and overtime wages-overtime pay at one and one half his regular rate of pay for all overtime hours worked.

35. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

36. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful and/or reckless.

## **COUNT I – RECOVERY OF UNPAID WAGES**

37. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1 through 36 above and further asserts:

38. Defendant is an employer doing business in the state of Florida And, at all times during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

39. Plaintiff was promoted to Lead Direct Support Professional in July 2021.

40. Plaintiff received an increase in wages due to his promotion.

41. Plaintiff was not paid the correct wage associated with the Lead Direct Support Professional after being promoted.

42. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 36 above and further asserts:

44. Plaintiff worked for Defendant from April 2021 to August 2021 as an hourly paid employee for Defendant's business located in Orlando, Florida.

45. Defendant is an employer doing business in the state of Florida, and at all times during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

46. Throughout Plaintiff's employment, Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one half the minimum wage for *all* hours worked over forty in a workweek.

47. Specifically, Plaintiff worked multiple weeks in excess of forty (40) hours a week yet was not compensated for all work in excess of forty (40) hours at the proper rate of one and a half times their regular rate of pay.

48. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

WHEREFORE, Plaintiff demands:

a) judgment against Defendant for the payment of all unpaid wages after Plaintiff's promotion to Lead Direct Support Professional;

b) judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate him;

c) liquidated damages and/or interest;

d) reasonable attorneys' fees and costs incurred in this action;

e) and all further relief that this Court determines to be just and appropriate.

f) trial by a jury of Plaintiff's peers.

DATED this 8th day of June, 2022.

Respectfully submitted,

*s/ Julien W. Maynard, Esq.*
ANTHONY J. HALL
FL Bar No. 40924
JULIEN W. MAYNARD, Esq. – LEAD COUNSEL
FL Bar No. 1035332
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789

>Telephone: (407) 574-4999
>Facsimile: (833) 813-7512
>Email: ahall@theleachfirm.com
>Email: jmaynard@theleachfirm.com
>Email: yhernandez@theleachfirm.com
>
>***Attorneys for Plaintiff***